JS - 6    LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6312 GAF (FFMx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Jose J. Madrigal et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**     (In Chambers)

### ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

On February 24, 2012, Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") filed an unlawful detainer complaint against Defendants Jose J. Madrigal and Isidora C. Madrigal in Los Angeles County Superior Court. (Docket No. 1 [Not. of Removal], Ex. 1 [Compl.].) Plaintiff alleges that it purchased Defendants' real property in Norwalk, California by virtue of a lawful foreclosure sale on January 30, 2012, that Defendants refuse to quit the premises, and that Plaintiff has accrued damages at an amount to be determined at trial since February 23, 2012. (Id. ¶¶ 7, 11-15, Exs. A–C.) Defendants removed the action to this Court on July 23, 2012, asserting this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction), and 1443 (civil rights removal). (Not. of Removal at 9-20.) However, for the reasons set forth below, the Court concludes that Defendants have failed to establish this Court's subject matter jurisdiction. Accordingly, the Court **REMANDS** the case to state court.

### II.
### DISCUSSION

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

Case 2:12-cv-06312-GAF-FFM   Document 7   Filed 09/06/12   Page 2 of 5   Page ID #:124

JS - 6   LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6312 GAF (FFMx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Jose J. Madrigal et al | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

1. REMOVAL JURISDICTION UNDER 28 U.S.C. §§ 1331, 1332, AND 1441

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Additionally, federal district courts have original jurisdiction over suits, inter alia, between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

JS - 6     **LINKS: 1, 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6312 GAF (FFMx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Jose J. Madrigal et al | | |

### 2. REMOVAL JURISDICTION UNDER 28 U.S.C. § 1443

Section 1443 provides for removal of any case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision is most frequently relied upon in criminal cases in which a defendant can establish that he cannot receive a fair trial in state court. To remove a case under § 1443(1), a criminal defendant must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (internal quotation marks omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (same). This prong "requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case," or that there be some "equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Id. (internal quotations, citation omitted). "Except in the unusual case . . . it [is] to be expected that the protection of federal constitutional or statutory rights c[an] be effected in the pending state proceedings, civil or criminal." Id.

### B. APPLICATION

#### 1. FEDERAL QUESTION JURISDICTION

Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. of Removal at p. 9–12.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that FHLM engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not

Case 2:12-cv-06312-GAF-FFM   Document 7   Filed 09/06/12   Page 4 of 5   Page ID #:126

JS - 6    LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6312 GAF (FFMx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Jose J. Madrigal et al | | |

have federal question jurisdiction over this case.

### 2. DIVERSITY JURISDICTION

Defendants' allegations of diversity jurisdiction under 28 U.S.C. § 1332(a) are fatally flawed. Defendants make only the conclusory allegation that the parties are from different states, but do not affirmatively allege the citizenship of any Party. (See Not. of Removal at p. 12.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Even if this defect could be cured, however, Defendants cannot establish that at least $75,000 is in controversy in this action. The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole. Bally Total Fitness Corp. v. Contra Costa Retail Center, 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008). Although Defendants vaguely allege that their own damages exceed $75,000, the amount in controversy is determined from the face of the complaint. See, e.g., Cabot v. Combet-Blanc, No. CV 10–05728–ODW (AJWx), 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012). Plaintiff's complaint does not specify a rental value of the property in question and is therefore silent concerning the amount in controversy. (See Compl. ¶ 15.) Thus, Defendants cannot establish the minimum amount in controversy. Accordingly, diversity jurisdiction is lacking in this case.

### 3. CIVIL RIGHTS REMOVAL

In their lengthy Notice of Removal, Defendants contend that the Court has removal jurisdiction under 28 U.S.C. § 1443 because (1) Defendants' "constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property" have been denied and (2) the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981, 1982, and 1983. (Not. of Removal at 15.)

Defendants appear to argue that the Non-Judicial Mortgage Foreclosure and Unlawful Detainer laws of the State of California are facially discriminatory. Specifically, Defendants argue that "Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to enforce contracts for the purpose of acquiring and maintaining ownership of property in particular." (Id. at p. 15.)

JS - 6    LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6312 GAF (FFMx) | Date | September 6, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Jose J. Madrigal et al | | |

      Defendants' notice stating that they were denied adequate notice of the proceedings and that they were prevented from producing evidence of Plaintiff's fraud in the state court unlawful detainer proceeding alleges a denial of their Constitutional rights to due process and equal protection, and of their rights under 42 U.S.C. §§ 1981 (equal rights to make and enforce contracts, regardless of race) and 1982 (equal rights to own property, regardless of race), but does not satisfy the first Johnson prong by stating their allegations in terms of racial equality. Moreover, their allegations fail on the second Johnson prong. Defendants do not identify any California state law or California constitutional provision that denies them the opportunity to raise their civil rights in the California courts. Instead, Defendants argue only that these rights were denied in their case and that unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of pro se litigants' civil rights in all unlawful detainer proceedings. Defendants' vague allegations of inadequate notice do not give rise to "an equally firm prediction" that their case presents the "unusual case" in which federal rights will be denied or left unprotected in state court. Accordingly, there is no basis for removal under 28 U.S.C. § 1443(1).

## III.
## CONCLUSION

      Based on the foregoing, Defendants have not established that federal subject matter jurisdiction exists in this case. Plaintiff's motion to remand is **GRANTED**, and the Court **REMANDS** this action to Los Angeles County Superior Court. The hearing scheduled for September 10, 2012 is **VACATED**.

      **IT IS SO ORDERED.**